IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  8:03-614–HMH |
| vs. | ) | |
| | ) | |
| Lamont Henderson, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Lamont Henderson's ("Henderson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006). After a thorough review of the facts and pertinent law, the court summarily dismisses Henderson's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2003, Henderson was found guilty, after a jury trial, of possession of a firearm by a convicted felon. On December 30, 2003, Henderson was sentenced to one hundred eighteen (118) months' imprisonment. Henderson appealed, and on January 11, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction. See United States v. Henderson, No. 04-4057, 2006 WL 53820, at *1 (4th Cir. Jan. 11, 2006) (unpublished). On April 18, 2006, the Fourth Circuit denied Henderson's petition for rehearing en banc.

Henderson filed a petition for a writ of certiorari on May 15, 2006, which the United States Supreme Court denied on October 2, 2006. Henderson v. United States, No. 06-5551,

1

127 S. Ct. 278 (U.S. Oct. 2, 2006) (unpublished).   Henderson filed the instant § 2255 motion on June 13, 2007.[1]

## II. DISCUSSION OF THE LAW

Henderson alleges that his appellate counsel, Melissa Reed Kimbrough ("Kimbrough"), was constitutionally ineffective for failing to appeal the court's "(1) denial of suppression of evidence, (2) trial judge preserved error excluding evidence for appellate review, [and] (3) pre-sentence objection to guideline enhancement." (Henderson's Mem. Supp. § 2255 Mot. 3.)  In addition, Henderson alleges that he did not "voluntary [sic], knowingly and intelligently waive his Sixth Amendment right to counsel, as circumstances involving a[n] ac[t]ual conflict of interest." (Id. 11.)  Finally, Henderson argues that the court violated his "Sixth Amendment right to compulsory process by not allowing Movant the right of obtaining witnesses in his favor." (Id. 14.)

### 1. Ineffective Assistance of Counsel

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Henderson must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  With respect to the second prong,

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

2

Henderson must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### A. Suppression Hearing

Henderson alleges that his Fourth Amendment rights were violated when he was arrested on September 11, 2002, without a warrant and without probable cause. (Henderson's Mem. Supp. § 2255 Mot. 3.)  The court denied Henderson's motion to suppress on September 10, 2003.  A "warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004); Florida v. White, 526 U.S. 559, 565 (1999) ("[T]he Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred.").  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck, 543 U.S. at 152.

The arresting officer, Kenneth Washington ("Washington"), testified that he had received information from a confidential informant that Henderson was involved with dealing in drugs and guns. (Suppression H'rg Trans. 12.)  Further, the confidential informant informed law enforcement that on September 6, 2002, the confidential informant had traded guns to Henderson in return for drugs. (Id. at 12-14.)  The informant was provided with money to purchase the guns back and purchase more drugs from Henderson. (Id.)  The informant was wired, and officers heard the informant ask Henderson and Danny Smith ("Smith") about purchasing the guns and buying more drugs. (Id.)  The informant then

3

purchased drugs from Henderson and Smith. The informant gave the money for the drugs to Henderson, and Smith provided the drugs. (Id.)

On September 11, 2002, Washington was advised by the informant that Henderson and Smith were in Seneca. (Suppression H'rg Tr. 15-18.) Washington had learned earlier in the day that there was an outstanding warrant for Smith. (Id. at 16.) Washington traveled to Seneca and saw Henderson and Smith in a car behind him. (Id.) Washington got behind Smith and Henderson's car and activated his blue lights. Smith was arrested on an outstanding warrant. Washington telephoned the magistrate to obtain a warrant, but the telephone was busy. (Id.) Then, Washington arrested Henderson on drug charges and signed a temporary custody order. Washington obtained the warrant the next morning. (Id. 18.)

After Henderson was arrested, he told Washington that he wanted to talk to him. That evening, Washington took Henderson to his office. Henderson signed a waiver and agreed to talk to law enforcement. The waiver informed Henderson of his Miranda rights. There was no evidence of coercion. (Suppression H'rg Tr. 19-30.). Based on the foregoing, Kimbrough was not constitutionally ineffective for failing to appeal the denial of the suppression motion because the warrantless arrest was supported by probable cause and a warrant was obtained the morning after Henderson's arrest. Therefore, there was no basis upon which to appeal this issue.

## B. Trial Judge Preserved Error

Henderson alleges that Kimbrough was ineffective for failing to raise "trial judge preserved error excluding evidence for appellate review." (Henderson's Mem. Supp. § 2255 Mot. 3.) The court is unable to discern what Henderson is attempting to allege. To the

extent this argument pertains to the court's denial of Henderson's motion to suppress, this argument is addressed above and is without merit.

### C.  United States v. Booker

Finally, Henderson alleges that his counsel failed to appeal the court's denial of certain objections to the presentence investigation report.   Specifically, Henderson alleges that the two-point increase in his base offense level for possessing three weapons under 2k2.1(b)(1)(A) of the United States Sentencing Commission Guidelines ("U.S.S.G."), the enhancement of his base offense level under U.S.S.G. 2K2.1(a)(2), and the two-point increase in his criminal history computation for having committed the instant offense within two years of Henderson's release from custody on another offense under 4A1.1(e) of the U.S.S.G. violate United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (Henderson's Mem. Supp. § 2255 Mot. 8-10.)

Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (2000).  Apprendi is inapplicable because Henderson's sentence did not exceed the maximum term of ten years set forth by the applicable statute, 21 U.S.C. § 922(g)(1).  United States v. Kitner, 235 F.3d 192, 201 (4th Cir. 2000) ("[J]udicial factfinding under the Guidelines is not subject to the Apprendi requirements . . . so long as that factfinding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute.").  Therefore, Kimbrough had no basis to raise an Apprendi claim.

5

On appeal, "Henderson argued that his sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." 2006 WL 53820, at *1 n.1. However, Henderson conceded "in a supplemental brief that his sentence does not violate his Sixth Amendment rights under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005)." Id. Henderson cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). However, Henderson alleges that his counsel was ineffective for conceding the Booker claim.

For the reasons set forth below, Henderson's claim that his counsel was constitutionally ineffective for conceding the Booker claim on appeal fails. Henderson's criminal history score was increased two points because he committed the instant offense within two years of being released from custody. (PSR 7.) In addition, Henderson's base offense level was enhanced under U.S.S.G. 2K2.1(a)(2) because the instant offense was committed after receiving a conviction for one crime of violence and one controlled substance offense. (PSR 5.) This argument is "foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres [v. United States, 523 U.S. 224 (1998),] prior conviction exception in Booker." United States v. Melvin, No. 04-4372, 2005 WL 1877351, at *2 (4th Cir. Aug. 9, 2005) (unpublished). Booker states that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. "*Booker* explicitly maintained the *Almendarez-Torres* rule permitting judges rather than juries to determine the fact and nature of prior convictions

6

used to increase sentences." United States v. Peters, 462 F.3d 716, 718 (7th Cir. 2006); United States v. Harris, No. 04-4020, 2006 WL 712501, at *1 (4th Cir. Mar. 21, 2006) (unpublished).

Further, Henderson's base offense level was increased two points because three firearms were involved in the offense. Henderson's indictment states in pertinent part that

> on or about August 28, 2002, in the District of South Carolina, the Defendant, Lamont Henderson, after having been convicted of a crime punishable for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, that is a Lorcin .25 caliber pistol, a Winchester .30 Caliber rifle, a Royal Arms .308-caliber rifle, and a .22-caliber revolver, all of which had been shipped and transported in interstate and foreign commerce; In violation of Title 18, United States Code, Section 922(g)(1) and Section 924(a)(2).

"No *Blakely/Booker* error resulted from this enhancement, however, because [Henderson's] indictment specifically charged him with possessing three firearms." United States v. Booker, No. 04-14112, 2005 WL 1123366, at *13 n.7 (11th Cir. May 12, 2005) (unpublished); see also United States v. Felton, Nos. 04-4839, 05-4216, 2006 WL 285999 at *2 (4th Cir. Feb. 7, 2006) (unpublished) ("[T]he district court erred in applying the murder cross-reference to [the defendant's] sentence, because the murder was not charged in the indictment or found by a jury beyond a reasonable doubt as to [the defendant]."). Based on the foregoing, Kimbrough had no basis to raise a Booker claim on appeal. Hence, this claim is wholly without merit.

### 2. Sixth Amendment Waiver of Counsel

On direct appeal, Henderson alleged that the court violated his Sixth Amendment right to counsel because he did not knowingly, voluntarily, and intelligently waive his right to

counsel. The Fourth Circuit found that the court "adequately informed Henderson of the dangers of self-representation and sufficiently ensured that his waiver of counsel was knowing and voluntary." Henderson, 2006 WL 53820, at *1. Henderson cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt, 537 F.2d at 1183. Therefore, this claim is wholly without merit.

### 3. Compulsory Process

It is unclear from Henderson's memorandum in support of his § 2255 motion exactly which individual(s) Henderson alleges he was prohibited from subpoenaing. A review of the trial transcript reveals that Henderson requested that his appointed counsel, David Plowden, subpoena Druanne D. White ("White"), an Anderson County solicitor, to testify about a document prepared by the Oconee County Sheriff's Office and the Solicitor's office in which Henderson provided information about an unrelated case involving the death of a Charles Raines. (Trial Tr. at 5-6.) Plowden refused to subpoena Druanne White. The court found that the document had no relevance to Henderson's trial for possession of a weapon by a convicted felon. (Id. at 9.) Hence, Druanne White's testimony about the document would be inadmissible. In addition, Henderson alleged at his trial that Plowden failed to subpoena Henderson's father and sister. However, Henderson's father and sister voluntarily attended the trial. Therefore, there was no need to subpoena them. (Id.) Based on the foregoing, this argument is wholly without merit.

It is therefore

**ORDERED** that Henderson's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 25, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

9